IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-01-64 (1) |
| | § | |
| RICHARD ALVAREZ, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION**

Pending before the Court is Defendant Richard Alvarez's ("Alvarez" or "Defendant") Motion for Reconsideration (D.E. 307), received by the Clerk on February 2, 2006. For the reasons set forth herein, the motion is DENIED.

**I.   BACKGROUND**

Alvarez was sentenced on October 4, 2001. (D.E. 193). Judgment of conviction and sentence was entered on October 10, 2001. (D.E. 202). Alvarez did not appeal. On October 1, 2002, he filed a motion pursuant to 28 U.S.C. § 2255 (D.E. 221), which the Court denied on December 31, 2003. (D.E. 288, 289). Alvarez appealed, and the Fifth Circuit denied him a Certificate of Appealability. (D.E. 303).

On January 5, 2006, the Clerk received from Alvarez a "Motion to Eliminate Enhancements and Reduce Sentence," (D.E. 305), in which he requested relief pursuant to United States v. Booker, 125 S. Ct. 738 (2005). By order entered January 19, 2006, the Court denied the motion. (D.E. 306). Specifically, the Court declined to construe the motion as one

1

pursuant to 28 U.S.C. § 2255, and further noted that any § 2255 motion by Alvarez would be barred because it would be second or successive and he had not sought permission from the Fifth Circuit to file it. The court further noted that Booker would not entitle Alvarez to relief because the Fifth Circuit has held that Booker does not apply retroactively on collateral review.

On February 2, 2006, the Clerk received from Alvarez a "Motion for Reconsideration." (D.E. 307). In it, Alvarez requests that the Court reconsider its order on his prior Booker motion and that the Court order that he be "resentenced minus his Booker (Sixth Amendment) violations." (D.E. 3-7 at 2). He acknowledges that Booker has not yet been held retroactive on collateral review, but argues that if the Court does not consider his claims, he will be barred from ever having his Booker claims heard because he must bring his motion within a year after the right was recognized. (D.E. 307 at 1-2 (citing Dodd v. United States, 125 S. Ct. 2478, 2482 (2005))).

## II.   ANALYSIS

As noted in the Court's prior order, the proper vehicle for a constitutional challenge to his sentence is a motion pursuant to 28 U.S.C. § 2255, but neither Alvarez's prior motion nor this one indicated any intent to file under that statute. Moreover, as the Court noted in its prior order, if his motion were construed as a § 2255 motion, it would be second or successive and he has not obtained permission to file it. Alvarez does not challenge those conclusions.

Instead, Alvarez contends that, if his Booker claim is not addressed on the merits now, he will be forever barred from having it addressed, even if the Supreme Court later determines

2

that Booker is retroactively applicable on collateral review.[1]  It is true that, if the Supreme Court ultimately decides Booker is retroactively applicable, defendants will have to have filed their § 2255 motions not later than January 12, 2006.  Dodd v. United States, 125 S. Ct. 2478, 2482 (2005) (limitations period under § 2255 ¶ 6(3) begins to run on the date on which the Supreme Court initially recognizes the right asserted).  January 12, 2006 has now passed and the Supreme Court has not yet ruled on the issue.  Cf. Dodd, 125 S. Ct. at 2483 (calling it a "rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year").

Thus, assuming the rule set forth in Dodd remains unchanged and Congress does not intervene, Alvarez will be unable to obtain relief under Booker, even if the Supreme Court eventually determines the case should be applied retroactively on collateral review.  This harsh result, however, is merely a consequence of a statute that Congress has enacted and that the Supreme Court is "not free to rewrite."  See id.  Furthermore, this harsh result does not give this Court any authority to ignore binding authority.  As the law stands now, Alvarez is not entitled to relief under Booker, and this Court must apply the law.  See note 1, supra (citing Gentry, 432 F.3d at 605).

The Court understands that Alvarez may simply be trying to preserve his rights under Booker, in the hopes that the Supreme Court makes a future determination that the case should

---

[1] The Fifth Circuit has squarely held that Booker is *not* retroactively applicable on collateral review. 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions").  Pursuant to Gentry, Booker does not provide a basis for relief to a defendant, such as Alvarez, whose conviction became final before the case was decided on January 12, 2005. Gentry, 432 F.3d at 603-04 & n.2.

be applied retroactively. He has cited to no authority, however, and this Court has not found any, allowing a § 2255 movant to merely file a motion as a type of "placeholder" and requiring the district court to allow it to remain pending until the Supreme Court chooses to address the retroactivity of an earlier case.

## III.   CONCLUSION

For all of the foregoing reasons, the Court sees no reason to reconsider its prior order. Accordingly, Defendant's motion (D.E. 307) is DENIED.

Ordered this 11th day of February, 2006.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE